**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| JOHN HASSALL, INC.,[1] | )    Chapter 11 |
|  | ) |
| Debtor. | )    Case No. 14-71961 (AST) |
|  | ) |
|  | ) |
|  | ) |

**ORDER:  (I) APPROVING BIDDING PROCEDURES**
**IN CONNECTION WITH THE PROPOSED SALE OF SUBSTANTIALLY ALL**
**OF THE DEBTOR'S ASSETS; (II) SCHEDULING AN AUCTION AND HEARING**
**TO CONSIDER THE SALE; (III) APPROVING THE FORM AND MANNER OF**
**NOTICE THEREOF; AND (IV) APPROVING STALKING HORSE ASSET PURCHASE**
**AGREEMENT AND PROPOSED BREAK-UP FEE AND EXPENSE REIMBURSEMENT**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and

debtor in possession (the "Debtor"), pursuant to sections 105(a), 363, 365, 503 and 507 of title

11 of the United States Code (the "Bankruptcy Code"), as supplemented by Rules 2002, 6004,

6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry

of an order (this "Bidding Procedures Order"): (i) approving bidding procedures in connection

with the sale of substantially all of the Debtor's assets; (ii) scheduling an auction and a hearing to

consider the sale; (iii) approving the form and manner of notice thereof; (iv) approving the terms

of the Stalking Horse APA for the sale of substantially all assets for the sum of $5,975,000,

subject to adjustments as set out therein, and the proposed Break-Up Fee and Expense

Reimbursement; and (v) granting related relief; the Court having determined that the relief

provided herein is in the best interest of the Debtor, its estate, creditors and other parties in

---

[1] The Debtor's principal place of business is located at 609-1 Cantiague Rock Road, Westbury NY 11590 and the last four digits of the Debtor's federal taxpayer identification number are 3980.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Motion.

interest; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the full record of these cases; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT:**[4]

A.    This Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein with respect to the Auction and Sale Hearing.  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

C.    The Debtor's proposed notice of the Bidding Procedures is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction (as defined in the Bidding Procedures), the sale of the Assets, and the Bidding Procedures to be employed in connection therewith.

D.    The Debtor has articulated good and sufficient business reasons for this Court to approve the Bidding Procedures, including:  (i) the scheduling of a bid deadline, auction and sale hearing for the sale of the Assets; and (ii) the establishment of procedures to fix the Cure Amounts to be paid under section 365 of the Bankruptcy Code in connection with the assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases.

---

[4]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable.  *See* Bankruptcy Rule 7052.

E.      The Bidding Procedures are reasonably designed to maximize the value to be achieved for the Assets.

F.      The entry of this Bidding Procedures Order is in the best interests of the Debtor, its estate, creditors, and other parties-in-interest.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is granted as set forth herein.

2.      All objections to the Motion or the relief provided herein that have not been withdrawn, waived or settled, hereby are overruled and denied on the merits.

3.      The Bidding Procedures, in substantially the form attached hereto as **Schedule 1**, are hereby incorporated herein and approved, and shall apply with respect to the sale of the Assets; provided, that the amount of the Break-Up Fee, if payable, shall be $200,000 and the amount of the Expense Reimbursement, if payable, shall be subject to substantiation by the Stalking Horse Purchaser and review and approval for reasonableness by the Debtor and the Office of the United States Trustee and shall be determined by the Court in the event that the Stalking Horse Purchaser, the Debtor and the Office of the United States Trustee cannot reach agreement with respect thereto.   The Debtor is authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

4.      As further described in the Bidding Procedures, the deadline for submitting bids for the Assets (the "Bid Deadline") is **December 1, 2014 at 12:00 noon (prevailing Eastern time).**   No bid shall be deemed to be a Qualified Bid (as defined in the Bidding Procedures) or otherwise considered for any purposes unless such bid meets the requirements set forth in the Bidding Procedures.

5.      The Debtor may sell the Assets by conducting an Auction in accordance with the Bidding Procedures.  If any Qualified Bids (other than the Stalking Horse APA) are received by the Debtor in accordance with the Bidding Procedures, the Auction shall take place at **11:00 a.m. (prevailing Eastern time) on December 4, 2014** at the offices of Bond, Schoeneck & King, PLLC, 1010 Franklin Avenue, Suite 200, Garden City, New York, or at such other place and time as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids.  If, however, no such Qualified Bids are received by the Bid Deadline, then the Auction will not be held, the Stalking Horse APA shall be the Successful Bid and the Stalking Horse Purchaser shall be the Successful Bidder.

6.      Only Qualified Bidders who have submitted a Qualified Bid and their authorized representatives will be eligible to attend and participate at the Auction. Notwithstanding the foregoing, Sterling National Bank and its authorized representatives may attend the Auction.  Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale.

7.      If the Auction is held, the Debtor will post notice of the results of the Auction at or before **9:00 a.m. (prevailing Eastern time) on December 5, 2014** by filing the same electronically on the docket in this Chapter 11 Case via the Court's electronic CM/ECF system.

8.      The Sale Hearing shall be held before this Court on **December 5, 2014 at 11:00 a.m. (prevailing Eastern time)**, or as soon thereafter as counsel and interested parties may be heard.

9.      On or before three (3) business days after entry of this Bidding Procedures Order, or as soon thereafter as such parties can be identified, the Debtor will cause (i) a notice in

4

substantially the form attached hereto as **Schedule 2** (the "Notice of Auction and Sale Hearing"); and (ii) a copy of the Bidding Procedures Order to be sent by first-class mail postage prepaid, to the following: (i) the Debtor, 609-1 Cantiague Rock Road, Westbury, New York 11590, Attn: President; (ii) counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Esq., Charles J. Sullivan, Esq. and Grayson T. Walter, Esq.; (iii) counsel to Sterling National Bank, Meyer, Suozzi, English & Klein, P.C., 990 Stewart Avenue, Suite 300, Garden City, NY 11530-9194 Attn: Thomas R. Slome, Esq.; (iv) the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attention: Alfred M. Dimino, Esq.; (v) all taxing authorities and other governmental agencies having jurisdiction over the Assets, including the Internal Revenue Service; (vi) all parties that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002; (vii) all persons known or reasonably believed to have asserted any lien, claim, encumbrance, right of first refusal, or other Interest in or upon any of the Assets; (viii) the non-debtor parties to the Executory Contracts and Unexpired Leases and any parties who are known to claim interests therein; (ix) all persons known or reasonably believed to have expressed an interest in acquiring some or all of the Assets subsequent to the Petition Date and within the six (6) months prior to the Petition Date; (x) the Attorney General of the State of New York; (xi) the United States Environmental Protection Agency; and (xii) the New York State Department of Environmental Conservation; (xiii) all known creditors of the Debtor and all other parties in interest entitled to receive notice pursuant to Bankruptcy Rule 2002(a)(2); and (xiv) all known competitors of the Debtor.

10.     Within seven (7) business days of entry of this Order, Debtor will (i) publish the Notice of Auction and Sale Hearing in Newsday, and (ii) provide notice of the auction and sale procedures and the method of obtaining the full Notice of Auction and Sale Hearing in on line trade publication, and (iii), subject to applicable submission deadlines and to the extent practicable, publish the Notice of Auction and Sale Hearing in one or more additional on line and/or print publications the Debtor deems appropriate.

11.     On or before three (3) business days after the entry of this Bidding Procedures Order, the Debtor shall serve by first class mail or hand delivery, a notice of potential assumption, assignment and/or transfer of the Executory Contracts and Unexpired Leases (substantially in the form attached hereto as **Schedule 3** the "Notice of Assumption and Assignment") on all non-debtor parties to the Executory Contracts and Unexpired Leases.  The Notice of Assumption and Assignment shall identify the calculation of the cure amounts that the Debtor believes must be paid to cure all prepetition defaults under the Executory Contracts and Unexpired Leases (the "Cure Amounts").  In addition, if the Debtor identifies additional executory contracts or unexpired leases that might be assumed by the Debtor and assigned to the Successful Bidder which are not set forth in the original Notice of Assumption and Assignment, the Debtor shall promptly send a supplemental notice (a "Supplemental Notice of Assumption and Assignment") to the applicable counterparties to such additional executory contracts and unexpired leases.

12.     Unless a non-debtor party to an Executory Contract or Unexpired Lease files an objection (the "Cure Amount/Assignment Objection") to (a) their scheduled Cure Amount and/or (b) to the proposed assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease by the later of (i) 4:00 p.m. (prevailing Eastern time) on the date

6

that is three (3) business days prior to the Bid Deadline, or (ii) solely with respect to any Executory Contract or Unexpired Lease which is the subject of a Supplemental Notice of Assumption and Assignment, ten (10) days after service of the relevant Supplemental Notice of Assumption and Assignment (such later date, the "Cure/Assignment Objection Deadline") and serves a copy of the Cure Amount/Assignment Objection so as to be received no later than the Cure/Assignment Objection Deadline by:   (i) the Debtor, 609-1 Cantiague Rock Road, Westbury, New York 11590, Attn: President; (ii) counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Esq., Charles J. Sullivan, Esq. and Grayson T. Walter, Esq.; (iii) counsel to Sterling National Bank, Meyer, Suozzi, English & Klein, P.C., 990 Stewart Avenue, Suite 300, Garden City, NY  11530-9194 Attn: Thomas R. Slome, Esq.; (iv) the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attention: Alfred M. Dimino, Esq. and (v) counsel to the Stalking Horse Purchaser, Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102, Attn: Clay Taylor, Esq. and Nancy Ribaudo, Esq., then such non-debtor party (i) will be forever barred from objecting to the Cure Amount and from asserting any additional cure or other amounts with respect to such Executory Contract and Unexpired Lease and the Debtor shall be entitled to rely solely upon the Cure Amount, and (ii) if the Executory Contract or Unexpired Lease is identified as an Asset to be acquired by the Successful Bidder and/or Back-Up Bidder, the non-debtor party shall be deemed to have consented to the assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease and shall be forever barred and estopped from asserting or claiming against the Debtor, the Successful Bidder and/or Back-Up Bidder or any other assignee of the relevant Executory Contract or Unexpired Lease that any additional

amounts are due or defaults exist, or that conditions to assumption, assignment and/or transfer must be satisfied, under such Executory Contract or Unexpired Lease.  Notwithstanding the foregoing, as provided below, each non-debtor party shall retain the right to object to the assumption, assignment or transfer of its Executory Contract or Unexpired Lease, based solely on the issue of whether the Successful Bidder and/or Back-Up Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code, provided, however, that any objection to the Stalking Horse Purchaser's ability to provide adequate assurance of future performance must be made on or prior to the Cure/Assignment Objection Deadline.

13.    If an objection challenges a Cure Amount, the objection must set forth the cure amount being claimed by the objecting party (the "Claimed Cure Amount") with appropriate documentation in support thereof.  Upon receipt of a Cure Amount/Assignment Objection, the Debtor shall be authorized, but not directed, to resolve any Cure Amount/Assignment Objection by mutual agreement with the objecting counterparty to any Executory Contract or Unexpired Lease without further order of the Court.  In the event that the Debtor and any objecting party are unable to consensually resolve any Cure Amount/Assignment Objection prior to the Sale Hearing, the Court will resolve any such Cure Amount/Assignment Objection at the Sale Hearing.

14.    The Debtor, the Successful Bidder or the Back-Up Bidder, as the case may be, are authorized, subject to the terms of the Successful Bid or the Back-Up Bid, to exclude any Executory Contract or Unexpired Lease from the list of Assets to be sold (i) no later than the closing of the sale of the Assets, or, (ii) if the Court determines at any hearing on a Cure Amount/Assignment Objection that the applicable cure amount for such contract is greater than

8

the Cure Amount proposed by the Debtor, no later than five (5) business days following the date of such determination, provided, however, that if the Lease (as defined in the Stalking Horse APA) is included as part of the Assets to be sold, the Successful Bidder or the Back-Up Bidder may not elect to exclude the Lease pursuant to the foregoing provision without the Debtor's consent.  The non-debtor party or parties to any such excluded contract or lease will be notified of such exclusion by written notice mailed within two (2) business days of such determination.

15.     As soon as practicable after the conclusion of the Auction for the Assets, the Debtor will serve a notice identifying the Successful Bidder and Back-Up Bidder to the non-debtor parties to the Executory Contracts and Unexpired Leases that have been identified in such Successful Bid and Back-Up Bid.   The non-debtor parties to the Executory Contracts and Unexpired Leases shall have until the conclusion of the Sale Hearing to object to the assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease solely on the issue of whether any Successful Bidder or Back-Up Bidder who is not the Stalking Horse Purchaser can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

16.     The terms of the Stalking Horse APA are approved, subject to the receipt of higher and better bids at the Auction and the entry of the Sale Order, provided, that the amount of the Break-Up Fee, if payable, shall be $200,000 and the amount of the Expense Reimbursement, if payable, shall be subject to substantiation by the Stalking Horse Purchaser and review and approval for reasonableness by the Debtor and the Office of the United States Trustee and shall be determined by the Court in the event that the Stalking Horse Purchaser, the Debtor and the Office of the United States Trustee cannot reach agreement with respect thereto.

17.    Objections to the sale of the Assets, or the balance of the relief requested in the Motion but not granted in this Bidding Procedures Order must:  (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the United States Bankruptcy Court for the Eastern District of New York, on or **before 4:00 p.m. (prevailing Eastern time) on December 2, 2014**, or such later date and time as the Debtor may agree; and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the same day, upon (i) the Debtor, 609-1 Cantiague Rock Road, Westbury, New York 11590, Attn: President; (ii) counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Esq., Charles J. Sullivan, Esq. and Grayson T. Walter, Esq.; (iii) counsel to Sterling National Bank, Meyer, Suozzi, English & Klein, P.C., 990 Stewart Avenue, Suite 300, Garden City, NY  11530-9194 Attn: Thomas R. Slome, Esq.; and (iv) the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attention: Alfred M. Dimino, Esq.  All objections must state with specificity the nature of such objection and will be heard by the Court at the Sale Hearing.

18.    The Notice of Auction and Sale Hearing and the Notice of Assumption, and Assignment to be issued in connection with the proposed sale of the Assets, substantially in the forms annexed hereto as **Schedule 2** and **Schedule 3**, respectively, are approved.   The proposed manner of service of the Notice of Auction and Sale Hearing and the Notice of Assumption and Assignment are approved.

19.    The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of said adjournment before this Court or on this Court's calendar on the date scheduled for said hearing.

20.     Except as otherwise provided in the Stalking Horse APA or this Bidding Procedures Order, the Debtor further reserves the right as it may reasonably determine to be in the best interests of its estate, subject to conformity with the Bidding Procedures, to:   (a) determine which bidders are Qualified Bidders; (b) determine which bids are Qualified Bids; (c) determine which Qualified Bid is the highest and best proposal and which is the next highest and best proposal; (d) reject any bid that the Debtor deems to be (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtor and its estate; (e) remove some of the Assets from the Auction; (f) waive terms and conditions set forth in the Bidding Procedures with respect to all Bidders; (g) impose additional terms and conditions with respect to all Bidders; (h) extend the deadlines set forth herein; (i) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (j) modify the Bidding Procedures  in any non-material respects as the Debtor may determine to be in the best interests of its estate, or (k) to withdraw the Motion and abandon the sale process at any time with or without prejudice.

21.     The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Bidding Procedures Order shall be effective immediately upon its entry.

22.     This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.



**Dated: November 4, 2014**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

# **SCHEDULE 1**

## **To Bidding Procedures Order**

[Bidding Procedures]

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| JOHN HASSALL, INC.,[1] | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 14-71961 (AST) |
| Debtor. | ) | |
| | ) | |
| | ) | |

## BIDDING PROCEDURES

By motion dated October 27, 2014 (the "Motion"),[2] the above-captioned debtor and debtor in possession (the "Debtor") sought approval of, among other things, the procedures by which the Debtor will determine the highest or otherwise best offer for the sale of substantially all of the Debtor's assets (the "Assets").

On November [___], 2014, the United States Bankruptcy Court for the Eastern District of New York (the "Court") entered an order (the "Bidding Procedures Order"), which, among other things, authorized the Debtor to determine the highest or otherwise best offer for the Assets through the process and procedures set forth below (the "Bidding Procedures"). The Debtor reserves the right to modify the Bidding Procedures, provided that any such modification is not inconsistent with the terms of the Motion or the Bidding Procedures Order.

The sale of the Assets will be subject to competitive bidding as set forth herein and approval of the Court pursuant to sections 105, 363 and 365 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**Assets to be Sold**

The Assets to be sold constitute substantially all of the assets of the Debtor.

**Participation Requirements**

In order to participate in the bidding process or otherwise be considered for any purpose hereunder, a person interested in the Assets (a "Bidder") must first deliver the following materials to the Debtor and its counsel:

      i.      an executed confidentiality agreement in form and substance satisfactory to the Debtor and its counsel; and

---

[1] The Debtor's principal place of business is located at 609-1 Cantiague Rock Road, Westbury NY 11590 and the last four digits of the Debtor's federal taxpayer identification number are 3980.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

ii.    the most current audited and latest unaudited financial statements (collectively, the "<u>Financials</u>") of the Bidder, or, if the Bidder is an entity formed for the purpose of a sale transaction, (x) Financials of the equity holder(s) of the Bidder or such other form of financial disclosure as is acceptable to the Debtor that demonstrates the Bidder's financial ability to consummate a competing sale transaction and (y) a written commitment acceptable to the Debtor of the equity holder(s) of the Bidder to be responsible for the Bidder's obligations in connection with a sale transaction (including being bound by the terms and conditions of the Bidding Procedures); <u>provided</u> that if a Bidder is unable to provide Financials, the Debtor may in its discretion, but shall have no obligation to, accept such other information sufficient to demonstrate to the Debtor's satisfaction that such Bidder has the financial wherewithal to consummate a sale transaction.

A Bidder meeting the requirements set forth in this paragraph shall be considered a "<u>Qualified Bidder</u>." Notwithstanding the foregoing, the Stalking Horse Purchaser shall be a Qualified Bidder. The Debtor will promptly advise each Bidder in writing of the Debtor's determination whether or not the Bidder is a Qualified Bidder.

**Bid Requirements**

The Debtor shall determine whether a bid qualifies as a "<u>Qualified Bid</u>." To constitute a Qualified Bid, a bid (other than the Stalking Horse APA, which shall constitute a Qualified Bid) must be a written irrevocable offer from a Qualified Bidder and:

i.    state that the Bidder offers to consummate the purchase of the Assets pursuant to an agreement containing terms that are substantially similar to those in the Stalking Horse APA (or pursuant to alternative terms that the Debtor determines are at least as favorable to the Debtor as the terms and conditions of the Stalking Horse APA) and which has been marked to show any changes, amendments or modifications to the Stalking Horse APA that are being proposed by the Bidder, as applicable (the "Marked Purchase Agreement");

ii.    be an all-cash bid (except with respect to any liabilities to be assumed);

iii.    exceed the Total Consideration including a cash component of $5,975,000 (as such term is defined in the Stalking Horse APA) by at least $410,000, which is the sum of (i) $200,000 (the Break-Up Fee), (ii) $160,000 (Novaria's estimated Expense Reimbursement), and the minimum bid increment of $50,000.

iv.    contain a list of the Debtor's executory contracts and unexpired leases with respect to which the Bidder seeks assignment from the Debtor, provided, however, IF ANY BID IS CONDITIONED ON THE

ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES, THE BIDDER SHALL BE REQUIRED TO PROVIDE EVIDENCE OF ITS ABILITY TO PROVIDE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE OF SUCH CONTRACTS OR LEASES ALONG WITH ITS BID;

v.      confirm that the offer shall remain open and irrevocable as provided below;

vi.     enclose a clean copy of the proposed Marked Purchase Agreement, executed by the Bidder;

vii.    be accompanied by a certified or bank check or wire transfer in an amount equal to five percent (5%) of the proposed purchase price set forth in the bid as a minimum good faith deposit (the "Minimum Deposit"), which Minimum Deposit shall be used to fund a portion of the purchase price provided for in the bid;

viii.   be on terms that are not materially more burdensome or conditional than the terms of the Stalking Horse APA;

ix.     not be conditioned on obtaining financing or the outcome of any due diligence by the Bidder;

x.      not request or entitle the Bidder to any break-up fee, expense reimbursement or similar type of payment; and

xi.     fully disclose the identity of each entity that will be bidding for the Assets or otherwise participating in connection with such bid, and the complete terms of any such participation.

**Bid Deadline**

The deadline for submitting bids on the Assets shall be **December 1, 2014 at 12:00 noon (prevailing Eastern time)** (the "Bid Deadline").

A Bidder that desires to make a bid for the Assets must deliver written and electronic copies of their bid so that they are actually received prior to the Bid Deadline by: (a) the Debtor, 609-1 Cantiague Rock Road, Westbury, New York 11590, Attn: President; (b) counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Esq., Charles J. Sullivan, Esq. and Grayson T. Walter, Esq.; (c) counsel to Sterling National Bank, Meyer, Suozzi, English & Klein, P.C., 990 Stewart Avenue, Suite 300, Garden City, NY  11530-9194 Attn: Thomas R. Slome, Esq.; and (d) the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attention: Alfred M. Dimino, Esq.

3

As promptly as practicable after a Bidder delivers a bid, the Debtor shall determine, and shall notify the Bidder in writing, whether the Bidder is a Qualified Bidder and whether its bid is a Qualified Bid.  Except as otherwise provided in the Stalking Horse APA or in the Bidding Procedures Order, the Debtor may, in its discretion, waive any requirements for Qualified Bidders and/or Qualified Bids.

**Obtaining Due Diligence Access**

The Debtor shall afford each Qualified Bidder reasonable due diligence information.  Site access shall be provided upon reasonable request to the Debtor at the discretion of the Debtor within its reasonable business judgment.  The due diligence period will end on the Bid Deadline.

The Debtor shall not be obligated to furnish any information relating to the Debtor, the Assets, and/or the sale to any person except to a Qualified Bidder.  The Debtor shall give each Qualified Bidder reasonable access to all written due diligence information provided to another Qualified Bidder.

The Debtor shall coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders.  No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline.

**Due Diligence From Bidders**

Each Bidder shall comply with all reasonable requests for additional information by the Debtor or its advisors, including requests for additional information regarding such Bidder's financial wherewithal to consummate and perform obligations in connection with the sale of the Assets or such other matters as may be subject to reasonable inquiry by the Debtor.  Failure by the Bidder to comply with requests for additional information may be a basis for the Debtor to determine that a bid made by the Bidder is not a Qualified Bid.

**"As Is, Where Is"**

The sale of the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Debtor, its agents or estate, except to the extent specifically set forth in the purchase agreement between the Debtor and the Successful Bidder.  All of the Debtor's right, title and interest in and to the Assets shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon (collectively, the "Interests"), with such Interests to attach to the net proceeds of the sale of the Assets, with the same validity and priority as existed immediately prior to such sale.

Each Bidder shall be deemed to acknowledge and represent that it has had an opportunity to inspect and examine the Assets prior to making its offer, that such Bidder has relied solely upon its own independent review, investigation and/or inspection of any documents in making its bid, and that such Bidder did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by

operation of law or otherwise, regarding the Assets or the completeness of any information provided in connection with the bidding process, in each case except as expressly stated in the Marked Purchase Agreement (or, with respect to the Stalking Horse Purchaser, the Stalking Horse APA).

**The Auction**

If a Qualified Bid by a Qualified Bidder is received by the Bid Deadline (other than the Stalking Horse APA), an auction (the "<u>Auction</u>") for the Assets shall take place at **11:00 a.m. (prevailing Eastern time) on December 4, 2014** at the offices of Bond, Schoeneck & King, PLLC, 1010 Franklin Avenue, Suite 200, Garden City, New York, or at such other place and time as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids. If, however, no such Qualified Bids are received by the Bid Deadline, then the Auction will not be held, the Stalking Horse APA shall be the Successful Bid and the Stalking Horse Purchaser shall be the Successful Bidder..

<u>Auction Rules</u>:

i.    Only Qualified Bidders who have submitted a Qualified Bid and their authorized representatives will be eligible to attend and participate at the Auction. Notwithstanding the foregoing, Sterling National Bank and its authorized representatives may attend the Auction. Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale.

ii.   At the commencement of the Auction the Debtor shall announce the Qualified Bid that it has determined represents the highest or otherwise best bid for the Assets (the "<u>Starting Qualified Bid</u>") and the overall consideration value ascribed to such bid (the "<u>Bid Value</u>"). To the extent the Bid Value has been determined based upon any addition, deletion or modification to the terms of the Stalking Horse APA, other than an increase in the cash purchase price, the Debtor shall announce the value ascribed to any such added, deleted or modified provisions.

iii.  Each Qualified Bidder present at the Auction will be permitted to increase its Qualified Bid (such increased Qualified Bid, a "<u>Qualified Overbid</u>"), provided that such Qualified Overbid(s) must exceed the Bid Value of the Starting Qualified Bid by at least fifty thousand dollars ($50,000) (the "<u>Bidding Increment</u>"). During the course of the Auction, the Debtor will inform the participants which Qualified Overbid reflects the then-highest or otherwise best offer for the Assets and the Bid Value ascribed thereto. The Debtor shall not consider any subsequent bid received at the Auction unless the Bid Value of such bid exceeds the Bid Value of the Starting Qualified Bid or the then-highest Qualified Overbid by at least the Bidding Increment.

iv.    To the extent that any bid is determined to be the highest or otherwise best offer entirely or in part because of the addition, deletion or modification of one or more provisions in the Stalking Horse APA, or, if applicable, in the Marked Purchase Agreement, other than an increase in the cash purchase price, the Debtor shall announce the value ascribed to, or the benefit to the Debtor's estate provided by, any such added, deleted or modified provisions.

v.    The Auction may be adjourned as the Debtor deems appropriate. Reasonable notice of such adjournment and the time and place for the resumption of the Auction shall be given to all Qualified Bidders that have submitted a Qualified Bid.

vi.    The Stalking Horse Purchaser shall have the right to include the amount of the Break-Up Fee and Expense Reimbursement in the amount of any subsequent bid that it makes at the Auction and, in the event that the Stalking Horse Purchaser elects to do so and is the Successful Bidder as a result of a subsequent bid made at the Auction, the Stalking Horse Purchaser shall be entitled to credit the Break-Up Fee and Expense Reimbursement against its purchase price.

vii.    Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale of the Assets.

viii.    At the conclusion of the Auction, the Debtor shall announce the bid made pursuant to the Bidding Procedures that represents, in the Debtor's sole discretion, the highest or otherwise best offer for the Assets (the "Successful Bid") and the Bidder submitting such bid (the "Successful Bidder"). The Debtor may also, in its discretion, announce the next-highest or otherwise best offer for the Assets (the "Back-Up Bid") and the party submitting such bid (the "Back-Up Bidder"). Prior to the entry of the Sale Order, the Debtor shall announce its intention to either (i) pursue a transaction with the Successful Bidder (or the Back-Up Bidder), or (ii) not proceed with the sale of the Assets. If an Auction is held, the Debtor shall be deemed to have accepted a Qualified Bid only when (i) such bid is declared the Successful Bid (or the Back-Up Bid) at the Auction, (ii) definitive documentation has been executed in respect thereof, and (iii) the Court has approved the sale to the Successful Bidder (or Back-Up Bidder). Any acceptance by the Debtor is conditioned upon approval by the Court of the Successful Bid (or Back-Up Bid) and the entry of an order approving such Successful Bid (or Back-Up Bid).

ix.    No bids submitted after the conclusion of the Auction shall be considered unless a motion to reopen the Auction is made and granted by the Court.

**Other Terms**

All Qualified Bids, the Auction, and the Bidding Procedures are subject to such additional terms and conditions as may be announced by the Debtor and which are not inconsistent with the Bidding Procedures Order.

**Irrevocability of Certain Bids**

The Successful Bid shall remain irrevocable in accordance with the terms of the purchase agreement executed by the Successful Bidder.  The Back-Up Bid shall be irrevocable until the earliest of:  (i) 30 days after entry of the Sale Order approving the Successful Bid; (ii) closing of the sale to the Successful Bidder; and (iii) such date as the Debtor affirms in writing that the Debtor does not intend to proceed with a sale to the Assets to the Back-Up Bidder (the "Outside Back-Up Date").  Notwithstanding the foregoing, the Outside Back-Up Date with respect to the Stalking Horse APA shall be the date on which the Stalking Horse Purchaser properly elects to terminate the Stalking Horse APA pursuant to the terms thereof.  Following the entry of the Sale Order, if the Successful Bidder fails to consummate the purchase of the Assets because of a breach or failure to perform on the part of the Successful Bidder, the Back-Up Bid will be deemed to be the new Successful Bid, and the Debtor will be authorized, but not required, to consummate the sale with the Back-Up Bidder without further order of the Court.  In such case, the defaulting Successful Bidder's Minimum Deposit shall be forfeited to the Debtor and the Debtor shall have the right to seek any and all other remedies and damages from the defaulting Successful Bidder.  For the avoidance of doubt, if the defaulting Successful Bidder is the Stalking Horse Purchaser, the Stalking Horse Purchaser shall not be entitled to the Break-Up Fee or Expense Reimbursement.

The Debtor will present the results of the Auction to the Court at the Sale Hearing (as defined below), at which time certain findings will be sought from the Bankruptcy Court regarding the Auction, including, among other things, that (i) the Auction was conducted and the Successful Bidder was selected in accordance with these Bidding Procedures , (ii) the Auction was fair in substance and procedure, and (iii) consummation of the sale contemplated by the Successful Bid will provide the highest or otherwise best value for the Assets and is in the best interests of the Debtor and its creditors.

**Sale Hearing**

A hearing to consider approval of the sale of the Assets to the Successful Bidder (the "Sale Hearing") will be held before the Honorable Alan S. Trust, United States Bankruptcy Judge, Alfonse M. D'Amato U.S. Courthouse 290 Federal Plaza, Central Islip, New York, Room 960 on **December 5**, **2014 at 11:00 a.m. (prevailing Eastern time),** or at such other time thereafter as counsel may be heard.  The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

**Return of Deposit**

Except as otherwise provided in this paragraph with respect to any Successful Bid and any Back-Up Bid, the Minimum Deposits of all Qualified Bidders that submitted such a deposit under the Bidding Procedures shall be returned upon or within five (5) business days after the conclusion of the Sale Hearing.  The Minimum Deposit of the Successful Bidder shall be held until the closing of the sale of the Assets and applied in accordance with the Successful Bid.  The Minimum Deposit of the Back-Up Bidder shall be returned upon or within five business (5) days after the Outside Back-Up Date.

**Failure to Close**

If the Successful Bidder fails to consummate the transaction in accordance with the terms of the purchase agreement executed by the Successful Bidder by the closing date contemplated in the purchase agreement agreed to by the parties for any reason (except in the case of the Stalking Horse Purchaser, in which case the termination provisions in the Stalking Horse APA shall apply to the extent applicable), the Debtor shall:  (i) retain the Successful Bidder's Minimum Deposit; (ii) maintain the right to pursue all available remedies, whether legal or equitable; and (iii) be free to consummate the proposed transaction with the Back-Up Bidder at the highest price bid by the Back-Up Bidder at the Auction, without the need for an additional hearing or order of the Court.

**Reservation of Rights**

Except as otherwise provided in the Stalking Horse APA or the Bidding Procedures Order, the Debtor reserves the right as it may reasonably determine to be in the best interests of its estate, subject to conformity with the Bidding Procedures, to:  (i) determine which bidders are Qualified Bidders; (ii) determine which bids are Qualified Bids; (iii) determine which Qualified Bid is the highest and best proposal and which is the next highest and best proposal; (iv) reject any bid that the Debtor deems to be (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code or (c) contrary to the best interests of the Debtor and its estate; (v) remove some of the Assets from the Auction; (vi) waive terms and conditions set forth herein with respect to all Bidders; (vii) impose additional terms and conditions with respect to all Bidders; (viii) extend the deadlines set forth herein; (ix) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (x) modify the Bidding Procedures, as the Debtor may determine to be in the best interests of its estate, or to withdraw the Motion and abandon the sale process at any time with or without prejudice.

**Expenses**

Any Bidders presenting bids shall bear their own expenses in connection with the proposed sale, whether or not such sale is ultimately approved.  Notwithstanding the foregoing, the Stalking Horse Purchaser may recover its expenses as part of the Expense Reimbursement.

* * *

**SCHEDULE 2**

**To Bidding Procedures Order**

[Notice of Auction and Sale Hearing]

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| JOHN HASSALL, INC.,[1] | ) Chapter 11 |
|  | ) |
|  | ) Case No. 14-71961 (AST) |
| Debtor. | ) |
|  | ) |
|  | ) |

## <u>NOTICE OF AUCTION AND SALE HEARING</u>

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.        On October 27, 2014, the above-captioned debtor and debtor in possession (the "<u>Debtor</u>") filed a motion (the "<u>Motion</u>")[2] [Docket No. 130] for entry of orders, among other things:  (i) approving bidding procedures (the "<u>Bidding Procedures</u>") in connection with the sale of substantially all of the Debtor's assets (the "<u>Assets</u>"); (ii) scheduling an auction (the "<u>Auction</u>") and a hearing (the "<u>Sale Hearing</u>") to consider the sale of the Assets and setting objection and bidding deadlines with respect to the sale of the Assets; (iii) approving the form and manner of notice of the Auction and the Sale Hearing; (iv) approving the terms of the Stalking Horse APA submitted by the Stalking Horse Purchaser (defined below) and the proposed Break-Up Fee and Expense Reimbursement; and (v) granting related relief.   The Motion additionally requests entry of an order or orders:  (i) authorizing the sale of the Assets free and clear of liens, claims, encumbrances, and interests; (ii) authorizing and approving the assumption, assignment and/or transfer of Executory Contracts and Unexpired Leases; and (iii) granting related relief.

2.        The Debtor is seeking to sell the Assets to Novaria Group, LLC or its affiliate assignee, JHI Acquire Co., LLC (the "<u>Stalking Horse Purchaser</u>"), or to the Successful Bidder or Back-Up Bidder as determined at the Auction.  Approval of the sale of the Assets may result in, among other things, the assumption, assignment and/or transfer by the Debtor of certain executory contracts and leases.  If you are a party to an executory contract or lease with the Debtor, you will receive a separate notice that contains relevant dates and other information that may impact you as a party to an executory contract or lease.

3.        On November [__], 2014, the United States Bankruptcy Court for the Eastern District of New York (the "<u>Court</u>") entered an order approving the Bidding Procedures (the "<u>Bidding Procedures Order</u>").  Pursuant to the Bidding Procedures Order, if the Debtor receives Qualified Bids (as defined in the Bidding Procedures), an Auction for the Assets will be held on **December 4, 2014, at 11:00 a.m.  (prevailing Eastern time)** at the offices of Bond, Schoeneck

---

[1] The Debtor's principal place of business is located at 609-1 Cantiague Rock Road, Westbury NY 11590 and the last four digits of the Debtor's federal taxpayer identification number are 3980.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

& King, PLLC, 1010 Franklin Avenue, Suite 200, Garden City, New York, or at such other place and time as the Debtor shall notify all Qualified Bidders who have submitted Qualified Bids.. Only Qualified Bidders who have submitted a Qualified Bid in accordance with the Bidding Procedures, attached to the Bidding Procedures Order as Schedule 1, by no later than **December 1**, **2014 at 12:00 noon (prevailing Eastern time)** (the "Bid Deadline") may participate at the Auction.  Any party that wishes to take part in this process and submit a bid for the Assets must submit their competing bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

4.      The Sale Hearing to consider approval of the sale of the Assets free and clear of all liens, claims, and encumbrances will be held before the Honorable Alan S. Trust, United States Bankruptcy Judge, Alfonse M. D'Amato U.S. Courthouse 290 Federal Plaza, Central Islip, New York, Room 960 on **December 5**, **2014 at 11:00 a.m. (prevailing Eastern time),** or at such other time thereafter as counsel may be heard.  The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

5.      Objections, if any, to the sale of the Assets, or the relief requested in the Motion (other than with respect to cure amounts and adequate assurance which are subject to a separate notice) must:  (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the clerk of the Bankruptcy Court for the Eastern District of New York on or before **4:00 p.m. (prevailing Eastern time) on December 2**, **2014**, or such later date and time as the Debtor may agree; and (d) be served so as to be received no later than 4:00 p.m. (prevailing Eastern time) on the same day, upon (i) the Debtor, 609-1 Cantiague Rock Road, Westbury, New York 11590, Attn: President; (ii) counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Esq., Charles J. Sullivan, Esq. and Grayson T. Walter, Esq.; (iii) counsel to Sterling National Bank, Meyer, Suozzi, English & Klein, P.C., 990 Stewart Avenue, Suite 300, Garden City, NY 11530-9194 Attn: Thomas R. Slome, Esq.; and (iv) the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attention: Alfred M. Dimino, Esq.  UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT AND THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER HEARING AND NOTICE.

6.      This Notice of Auction and Sale Hearing is subject to the fuller terms and conditions of the Motion, the Bidding Procedures Order, and the Bidding Procedures, which shall control in the event of any conflict and the Debtor encourages all parties-in-interest to review such documents in their entirety.  Parties interested in receiving more information regarding the sale of the Assets or to obtain a copy of any of the foregoing documents may make a written request counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Esq., Charles J. Sullivan, Esq. and Grayson T. Walter, Esq.  In addition, copies of the Motion and the Bidding Procedures Order (including the Bidding Procedures) can be found on the Court's electronic case filing (ECF) website, http://ecf.nyeb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, Alfonse M. D'Amato U.S. Courthouse 290 Federal Plaza, Central Islip, New York.

Dated:  November [__], 2014
       Syracuse, New York

By: _____
Stephen A. Donato, Esq.
Charles J. Sullivan (*admitted pro hac vice*)
Grayson T. Walter (*admitted pro hac vice*)
BOND, SCHOENECK & KING PLLC
One Lincoln Center
Syracuse, New York 13202
Telephone:    (315) 218-8000
Facsimile:    (315) 218-8100

*Counsel to the Debtor*
*and Debtor in Possession*

## **SCHEDULE 3**

## **To Bidding Procedures Order**

[Notice of Assumption and Assignment]

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| JOHN HASSALL, INC.,[1] | )   Chapter 11 |
| | ) |
| Debtor. | )   Case No. 14-71961 (AST) |
| | ) |
| | ) |
| | ) |

## NOTICE OF ASSUMPTION, ASSIGNMENT AND/OR TRANSFER

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On November [__], 2014, the United States Bankruptcy Court for the Eastern District of New York (the "Court") entered an order (the "Bidding Procedures Order"),[2] pursuant to sections 105(a), 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure in the chapter 11 case (the "Chapter 11 Case") of the above-captioned debtor and debtor in possession (the "Debtor") approving, among other things, the fixing of cure amounts (the "Cure Amounts") related to the Debtor's assumption, assignment and/or transfer of certain executory contracts, unexpired leases, and other agreements listed on **Exhibit A** annexed hereto (each, an "Executory Contract" or "Unexpired Lease" and collectively the "Executory Contracts and Unexpired Leases") in connection with the sale of substantially all of the Debtor's assets (the "Assets").  The Debtor will assume, assign, and/or transfer the Executory Contracts and Unexpired Leases to the Successful Bidder or Back-Up Bidder for the Assets under the bidding procedures (the "Bidding Procedures") approved by the Bankruptcy Court and attached to the Bidding Procedures Order as Schedule 1.

2.      The Debtor believes that any and all defaults (other than defaults arising from the filing of the Chapter 11 Case) and actual pecuniary losses under the Executory Contracts and Unexpired Leases can be cured by the payment of the respective Cure Amounts listed on **Exhibit A** annexed hereto.

3.      Any objections to (i) the assumption, assignment and/or transfer of an Executory Contract or Unexpired Lease, or (ii) the amount asserted on **Exhibit A** as the Cure Amount (each, a "Cure Amount/Assignment Objection"), must be in writing and set forth with specificity the nature of the objection and the cure amount that the objecting party believes should be paid in connection with the assumption of its Executory Contract or Unexpired Lease (the "Claimed Cure Amount").  In addition, if the Debtor identifies additional executory contracts or unexpired

---

[1] The Debtor's principal place of business is located at 609-1 Cantiague Rock Road, Westbury NY 11590 and the last four digits of the Debtor's federal taxpayer identification number are 3980.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order.

leases that might be assumed by the Debtor and assigned to the Successful Bidder or Back-Up Bidder which are not set forth in this Notice of Assumption and Assignment, the Debtor shall promptly send a supplemental notice (a "Supplemental Notice of Assumption and Assignment") to the applicable counterparties to such additional executory contracts and unexpired leases.

4.      To be considered a timely Cure Amount/Assignment Objection, the Cure Amount/Assignment Objection must be filed with the Bankruptcy Court and served upon (i) the Debtor, 609-1 Cantiague Rock Road, Westbury, New York 11590, Attn: President; (ii) counsel to the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Esq., Charles J. Sullivan, Esq. and Grayson T. Walter, Esq.; (iii) counsel to Sterling National Bank, Meyer, Suozzi, English & Klein, P.C., 990 Stewart Avenue, Suite 300, Garden City, NY 11530-9194 Attn: Thomas R. Slome, Esq.; (iv) the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, Attention: Alfred M. Dimino, Esq. and (v) counsel to the Stalking Horse Purchaser, Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102, Attn: Clay Taylor, Esq. and Nancy Ribaudo, Esq., by the latter of (i) **4:00 p.m. (prevailing Eastern time) on November 24, 2014**; or, (ii) solely with respect to any Executory Contract or Unexpired Lease which is the subject of a Supplemental Notice of Assumption and Assignment, ten (10) days after service of the relevant Supplemental Notice of Assumption and Assignment.

5.      If a Cure Amount/Assignment Objection is timely filed, the Debtor may, in its sole discretion, resolve any Cure Amount/Assignment Objection by mutual agreement with the objecting counterparty to any Executory Contract or Unexpired Lease without further order of the Court.  In the event that the Debtor and any objecting party are unable to consensually resolve any Cure Amount/Assignment Objection, a hearing with respect to that objection shall be held before the Honorable Alan S. Trust, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York, Room 960 at **11:00 a.m. (prevailing Eastern time) on December 5, 2014**.

6.      Unless a Cure Amount/Assignment Objection is timely filed and served, the assumption, assignment and/or transfer of the applicable Executory Contract or Unexpired Lease may proceed without further notice at the hearing to approve the sale of the Assets.

7.      All parties who do not file and serve a timely Cure Amount/Assignment Objection shall (i) be deemed to have waived and released any and all rights to assert against the Debtor, the Successful Bidder or Back-Up Bidder, cure amounts different from the Cure Amounts listed on **Exhibit A** hereto, (ii) shall be deemed to have consented to the assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease, and (iii) shall be forever barred and estopped from asserting or claiming against the Debtor, the Successful Bidder or the Back-Up Bidder, or any assignee of such Executory Contract or Unexpired Lease that any additional amounts are due or defaults exist, or prohibitions or conditions to assignment exist or must be satisfied (other than with respect to the ability of any Successful Bidder or Back-Up Bidder who is not the Stalking Horse Purchaser to provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code) with respect to such Executory Contract or Unexpired Lease.

8.     The Debtor, the Successful Bidder or the Back-Up Bidder, as the case may be, and subject to the terms of the Successful Bid or the Back-Up Bid, may determine to exclude any Executory Contract or Unexpired Lease from the list of Assets to be sold no later than the closing of the sale of the Assets, or, if the Court determines at any hearing on a Cure Amount/Assignment Objection that the applicable cure amount for such Executory Contract or Unexpired Lease is greater than the Cure Amount proposed by the Debtor, no later than five (5) business days following the date of such determination provided, however, that if the Lease (as defined in the Stalking Horse APA) is included as part of the Assets to be sold, the Successful Bidder or the Back-Up bidder may not elect to exclude the Lease pursuant to the foregoing provision without the Debtor's consent.  The non-debtor party or parties to any such excluded contract or lease will be notified of such exclusion by written notice mailed within two (2) business days of such determination.

9.     If you agree with the Cure Amounts proposed by the Debtor and do not otherwise object to the Debtor's assumption, assignment and/or transfer of your Executory Contract or Unexpired Lease, you need not take any further action.

10.     Copies of the Bidding Procedures Order and other relevant documents can be found on the Court's electronic case filing (ECF) website, http://ecf.nyeb.uscourts.gov, and are on file with the Clerk of the Bankruptcy Court, Alfonse M. D'Amato U.S. Courthouse 290 Federal Plaza, Central Islip, New York.

11.     The Debtor's decision to sell, assign and/or transfer to the Successful Bidder or Back-Up Bidder the Executory Contracts and Unexpired Leases is subject to Court approval and to the closing of the sale of the Assets (the "Closing").  Accordingly, absent such Closing, none of the Executory Contracts or Unexpired Lease shall be deemed to be sold, assigned and/or transferred, and they shall in all respects be subject to further administration under the Bankruptcy Code.  The inclusion of any document on the list of Executory Contracts and Unexpired Leases shall not constitute or be deemed to be a determination or admission that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

Dated: November [__], 2014
       Syracuse, New York

By:     _____
Stephen A. Donato, Esq.
Charles J. Sullivan (*admitted pro hac vice*)
Grayson T. Walter (*admitted pro hac vice*)
BOND, SCHOENECK & KING PLLC
One Lincoln Center
Syracuse, New York 13202
Telephone:     (315) 218-8000
Facsimile:     (315) 218-8100

*Counsel to the Debtor
and Debtor in Possession*

## **EXHIBIT A**

## **To Notice of Assumption and Assignment**

[Executory Contracts and Unexpired Leases]

[To be provided]